UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Case No. 4:17-cr-09 |
| | ) | Judges Collier/Lee |
| MARK C. BRYANT | ) | |

## RESPONSE TO DEFENDANT'S OBJECTIONS AND MOTIONS

Comes the United States of America, by and through Assistant United States Attorney James T. Brooks, and responds to the defendant's objection to the Revised Presentence Report ("PSR") and his motions for a variance, departure, and sentencing memorandum. (Doc. 15 and 23.) For the following reasons, the United States opposes the defendant's objection and motions and submits that a sentence within the advisory Guideline range of 63 to 78 months is appropriate.

**1. Calculating the Range-The Defendant's Objections.**

The defendant's objections to the forfeiture allegations have been resolved and the Court has entered an order of forfeiture to which the parties agree. The defendant's objection to the 2-level enhancement for using a computer should be overruled because probation properly applied the enhancement. (PSR ¶ 24.)The United States submits that the PSR correctly calculates the defendant's advisory Guideline range as 63 to 78 months. (PSR ¶ 57.)

## 2. Defendant's Motion for a Departure

The defendant seeks a departure based upon his military service pursuant to U.S.S.G. § 5H1.11. (Doc. 23, Defendant's Second Motion, PageID# 471-72.) Such a departure is allowed. However, a departure based on military service is limited to when the prior service is "present to an unusual degree" and the service "distinguishes the case from the typical cases covered by the guidelines." U.S.S.G. § 5H1.11. Thus, the military service departure "is not automatic." *United States v. Dais*, 2014 WL 982970, *449 (6th Cir. Mar. 14, 2014). Instead, the Court should evaluate the military service in light of the nature of the offense and the defendant's other characteristics and consider whether the military service warrants departure or, conversely, whether the defendant's prior military service contributed to or even aggravates the offense.

In *United States v. Theunick*, 651 F.3d 578, 592 (6th Cir.2011), for instance, the Sixth Circuit reviewed a denial of a military service departure because the crime was too closely related to the public service. Theunick, a Vietnam veteran and long-time law enforcement officer, requested the military/public service departure at his sentencing for fraudulent transactions related to the purchase of firearms, which he accomplished, effectively, through his official position. *Id.* The district court denied the request calling it "ironic" because "the essence of the criminal activity of which the defendant was convicted [was] inextricably tied up

with [his] official law enforcement position." *Id.* There are similar concerns in this case.

Here, the defendant worked for a company called SIM&S. (PSR ¶ 54.) SIM&S appears to be a government contracting company with a significant relationship to the military.[1] The defendant possessed a security clearance while working at SIM&S. (PSR ¶ 13.) Often, retired military service members are able to move directly to defense contracting precisely because of the security clearances and training they earned during their military service.[2] The defendant's DD 214 shows his primary specialty in the Air Force was communications and information. (Doc. 15, Defendant's First Motion, PageID# 411.) When law enforcement officials searched his computers, they found that one of his work computers, the Seagate 500 GB HDD SN: Z3TW74N7, contained child pornography.[3] The defendant told the agents that he believed this computer could contain "sensitive" information. (PSR ¶ 15.) After law enforcement officials spoke with the defendant at work, the defendant used his SIM&S computer in an attempt to remotely remove child pornography from his home computer. (PSR ¶¶ 14, 28.) In sum, the defendant's military service, including his training and the military-provided

---

[1] *See* http://www.sim-s.com/about/history/ (last accessed 28 Dec. 2017.)
[2] See https://militarybenefits.info/security-clearance-jobs-after-the-military/ (last accessed 28 Dec. 2017.)
[3] This computer was not forfeited from the defendant because the defendant had no possessory interest in the computer.

security clearance, is inextricably woven into the defendant's criminal conduct. This undermines his claim that his military service mitigates his offense.

### 3. Defendant's Request for a Variance—Determining the Appropriate Sentence

The defendant's request for a variance and the methodology for determining an appropriate sentence are governed by the factors set forth in 18 U.S.C. § 3553(a).

### a. § 3553(a)(1) – Nature and Circumstances of the Offense.

There are no facts in the defendant's case that are especially mitigating. The defendant possessed 20 videos of child pornography. He possessed child pornography on his work computer that also contained "sensitive" information. After agents confronted the defendant, he feigned a need to attend a meeting and attempted to remotely remove child pornography from his computer at home. None of these facts is mitigating and none suggests a sentence below the recommended guideline range.

The defendant may argue that the 2-level offense characteristic of using a computer is an overstatement of the defendant's conduct and that he is entitled to a 2-level variance. Other defendants have made this argument. In this case, however, the defendant's use of a computer, including his use of a work computer to possess child pornography, and as a tool to attempt to destroy evidence, make this a meaningful characteristic to the offense.

### b. § 3553(a)(1) – History and Characteristics of the Defendant.

Except for his attempt to remotely delete child pornography from work, the defendant has thoroughly accepted responsibility including pleading guilty by information and going into custody upon his plea of guilty. The defendant admitted to officers that he had downloaded child pornography. The government disagrees that the defendant's military service entitles him to a departure, but agrees that his military history and his history of employment, and his lack of criminal record militate in his favor as the Court considers how to set the sentence. The government submits that these factors, when weighed against the defendant's conduct, should be considered primarily as to where *within* the recommended range the sentence should fall.

### c. § 3553(a)(2)(A) - The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense.

These factors are ones where the considered judgment of Congress and the Sentencing Commission are more representative than a district court's judgment. *United States v. Phelps*, 366 F. Supp. 580, 588 (E.D. Tenn. 2005). The Guidelines calibrate the seriousness of the defendant's instant offense based upon the number of images he possessed, whether the material involved prepubescent minors, and whether he used a computer. Given the care with which the Guidelines have been

set, and the specific factors in the defendant's case, an advisory Guideline range takes the seriousness of the offense into account.

The conclusions of Congress and the Sentencing Commission are also likely to be more accurate and a consistent barometer of the need to promote respect for the law than the subjective opinions of a district court. *Id*. In considering this factor, the Court should recognize the Sentencing Commission's ability to receive, collect, analyze, and incorporate society's views for this objective. Likewise, the need for the sentence to provide just punishment for the offense is another factor where Congress and the Sentencing Commission are in an arguably better position to gauge public consensus and offer a more enlightened judgment than a single district court. *Id*. As a consequence, the United States submits that the § 3553(a)(2)(A) factors can be appropriately taken into account through the Sentencing Guidelines calculations for the defendant.

### d. § 3553(a)(2)(B) - The Need for the Sentence to Afford Adequate Deterrence.

"[I]t would be quite difficult if not a practical impossibility for the Court or the federal judiciary in general to evaluate and assess the need 'to afford adequate deterrence to criminal conduct' (i.e., general deterrence) in the context of any given statutory offense." *Phelps*, 366 F. Supp. at 588. Rather than individual courts in the context of individual cases, Congress and the Sentencing Commission consider the role of deterrence when it establishes criminal penalties and

promulgates sentencing guidelines. When cases such as the defendant's reach the courts, judges have a responsibility for ensuring that the community sees that the legal system works and the right people are being adequately punished. This goal is best met through following the Guidelines. A sentence within the advisory Guideline range accomplishes this objective.

 **e. § 3553(a)(2)(C) - The Need for the Sentence to Protect the Public from Further Crimes of the Defendant.**

This Court is uniquely capable of assessing the need to protect the public from further crimes of the defendant. *Phelps*, 366 F. Supp. at 589, n.4. If the defendant receives a substantial prison term, the United States agrees that he is unlikely to reoffend. However, other than the nature of the offense itself, there is nothing unusual in this defendant's background or history that suggests he poses a greater risk of recidivism than does any other defendant similarly situated.

 **f. § 3553(a)(3)(D) - The Need for the Sentence to Provide the Defendant With Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.**

The United States recommends that the Court recommend the defendant participate in sex offender treatment while he is in the Bureau of Prisons, as well as comply with all of the Proposed Special Conditions of Supervision for sex offenders as specified in Paragraph 63 of the PSR.

**g. § 3553(a)(3) - The Kinds of Sentences Available.**

Based upon the offenses for which he was convicted, the defendant can be imprisoned for up to 10 years. (PSR ¶ 56.) The defendant also faces a mandatory term of five years and up to life of supervised release. (PSR ¶ 59.)

**h. § 3553(a)(4) and (5) – The Kinds of Sentences and the Sentencing Range Established by the Guidelines.**

This factor obviously weighs in favor of imposing a sentence within the advisory Guideline range for imprisonment and supervised release.

**i. § 3553(a)(6) - The Need to Avoid Unwarranted Disparities Between Similarly Situated Defendants.**

A Guideline sentence takes into account defendants with similar records and those who have been convicted of similar conduct. In fact, this has been the paramount objective and accomplishment of the Sentencing Guidelines.

**j. § 3553(a)(7) – The Need to Provide Restitution.**

The defendant agrees that he is required to make restitution in this case. (Doc. 23, Defendant's Second Motion, PageID# 471.) The United States will file a separate restitution memorandum in this matter.

## CONCLUSION

Based upon the foregoing, the United States respectfully submits that, considering the sentencing factors set out in 18 U.S.C. § 3553(a), including the need to provide just punishment for the offense, afford adequate deterrence to

criminal conduct, and promote respect for the law, a sentence within the advisory Guideline range of the Sentencing Guidelines would be appropriate in this case. The United State requests that the Court impose a sentence within the Guideline range of 63 to 78 months.

        Respectfully submitted,

        J. DOUGLAS OVERBEY
        United States Attorney

By:   *s/James T. Brooks*
      James T. Brooks
      Assistant U.S. Attorney
      1110 Market Street, Ste. 515
      Chattanooga, TN 37421
      423.752.5140

## **CERTIFICATE OF SERVICE**

     I hereby certify that on December 28, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. All other parties will be served by regular U.S. mail.

        *s/James T. Brooks*
        James T. Brooks
        Assistant U.S. Attorney