UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Case No. 4:17-cr-09 |
| | ) | Judges Collier/Lee |
| MARK C. BRYANT | ) | |

**MEMORANDUM OF LAW REGARDING RESTITUTION**

Comes the United States of America, by and through Assistant United States Attorney James T. Brooks, and respectfully offers this memorandum of law regarding the restitution in this case.

**1. Introduction.**

Defendant has pleaded guilty to possessing numerous images of child pornography. Some of the images are part of a series of images designated by the pseudonym "Vicky," so-named to protect the identity of the child depicted. Specifically, the defendant possessed 15 videos and 2 images of Vicky's abuse. The videos included the depiction of Vicky's father raping her. Vicky is now an adult and has suffered immense psychological damage due to both the initial sexual abuse she suffered as well as from the trauma caused by the continued viewing and distribution of the images of her sexual abuse. Vicky seeks restitution from the defendant because he viewed her abuse and he placed the images of her

abuse in a file-sharing program for others to view. In an August 2017 letter provided to the Court and to the defendant's attorney, Vicky's attorney states that her losses to date are $4,462,040.96 and that she has received $1,122,832.01 in restitution against the losses as the result of 965 orders of restitution.

2. **Determining Restitution**

Restitution is mandatory under the Mandatory Restitution for Sexual Exploitation of Children Act. Title 18 U.S.C. § 2250. Restitution includes any costs incurred by the victim for: "1) medical services related to physical, psychiatric, or psychological care; 2) physical and occupational therapy or rehabilitation; 3) necessary transportation, temporary housing, and childcare expenses; 4) lost income; 5) attorneys' fees, as well as other costs incurred; and 6) any other loss suffered by the victim as a proximate result of the offense." Title 18 U.S.C. § 2259(b)(3). But an order of restitution is appropriate only for the "amount of the loss sustained by a victim as a result of the offense." *Paroline v. United States*, 134 S.Ct. 1710, 1731 (2014) (Roberts, C.J. dissenting). Accordingly, restitution is proper "only to the extent the defendant's offense proximately caused a victim's losses." *Id.* at 1722. A proximate cause is a cause that includes both a "cause in fact" and a cause that is "sufficiently connect[ed] to the result," which is measured 'in terms of foreseeability…" *Id.* at 1790.

*Paroline* offers a methodology and a number of factors district courts "might consider" in determining the appropriate amount of restitution owed by each individual defendant. *Id.* at 1728. The Supreme Court was careful however to state that it was "neither necessary nor appropriate to prescribe a precise algorithm" for all cases. *Id.* With this proviso, the Supreme Court suggested:

> "…district courts might, as a starting point, determine the amount of the victim's losses caused by the continuing traffic in the victim's images (excluding, of course, any remote losses like the hypothetical car accident described above, see *supra*, at 1721), then set an award of restitution in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses. These could include the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

*Id.*

Additionally, this Court has proposed an approach that applies tier levels based on the severity of the case in light of the *Paroline* factors. *See United States v. James Gamble,* No. 1:10-CR-137, (Doc. 48). The Court suggested that some additional factors to consider, in addition to those described in *Paroline,* might include the number of times an image was

viewed, length of time the image was possessed, and whether others viewed the image along with the defendant. (*Id.* at p. 5.) The tier level approach suggested by this Court delineates between 5 levels ranging from the "Most Severe Case" to the "Most Mitigated Case." Based upon the *Paroline* factors, the government submits that this case falls somewhere between a "Typical Case" and a "Severe Case" and that the restitution should fall between $2,000 and $5,000.

   3. **Applying *Paroline* and the Tier Level analysis.**[1]

   A. **Whether the defendant has a connection to the initial production.**

The government does not believe the defendant is connected to the original production of the Vicky images.

   B. **Whether the defendant reproduced or distributed images of the victim.**

The government has no specific information that the defendant distributed Vicky's images. However, the defendant utilized a file-sharing program that did, at least for some period of time, open the defendant's computer so that other users could access and download images that may have included Vicky's images.

---

[1] In this particular case, some of the factors suggested by *Paroline*, such as the reasonable predictions of future offenders in Vicky's case, are too speculative and will not be addressed.

C.  **The number of images.**

The defendant's possession of 15 videos of Vicky is more serious than the typical offender. The number of videos, combined with the use of a file-sharing program, elevates this factor to aggravating.

D.  **The number of times the defendant viewed the image and the length of times the defendant viewed the image.**

The government's forensic examination is not, at this time, specific enough to answer either of these questions.

E.  **The nature of the images**

The videos of Vicky's that the defendant possessed include videos of Vicky's father raping her. The nature of these images is aggravating, which is the primary reason the restitution should be greater than "Mitigated."

3. CONCLUSION

In conclusion, in applying the *Paroline* factors, and using the Tier level approach, the government submits that the defendant's conduct, as it is relevant to victim Vicky, falls somewhere between a "Typical Case" and a

"Severe Case" and that the restitution should be between $2,000 and $5,000.

>Respectfully submitted,
>
>J. DOUGLAS OVERBEY
>United States Attorney

By:  *s/James T. Brooks*
     James T. Brooks
     Assistant U.S. Attorney
     1110 Market Street, Ste. 515
     Chattanooga, TN 37421
     423.752.5140

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system. All other parties will be served by regular U.S. mail.

>*s/James T. Brooks*
>James T. Brooks
>Assistant U.S. Attorney